UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CORTEZ,<br><br>    Plaintiff,<br><br>v.<br><br>JIM HART, et al.,<br><br>    Defendants. | Case No. 22-cv-06023 EJD (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR DISCOVERY AS PREMATURE**<br><br>(Docket No. 10) |

    Plaintiff, a pretrial detainee, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers at the Santa Cruz County Jail ("Jail"), where he is currently confined. Dkt. No. 1. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order. Dkt. No. 2. Plaintiff has filed a motion for discovery. Dkt. No. 10.

**DISCUSSION**

**A.  Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Claims**

Plaintiff claims that on November 2, 2020, he was assaulted by Lt. Jacob Ainsworth who caused wanton pain. Dkt. No. 1 at 3. He also claims the following: David Ganchon failed to stop Lt. Ainsworth from assaulting him; Racheal Seavers, a classification supervisor, maliciously sprayed him with a chemical agent while he was sitting down in a secure room and hands restrained behind his back; Kyle Ward, a supervisor at the Jail, did nothing to stop his staff in causing the "unnecessary and wanton pain on [his] person"; and Sgt. Karen Wells failed to intervene but allowed her staff to assault him. Id.

Plaintiff also claims Sheriff Jim Hart is responsible for reviewing policy and procedures at the Jail and delegates chain of command. Dkt. No. 1 at 2. He claims Lt. Dee Baldwin is the facility manager and is responsible to ensure the safety and security of the facility and detainees, as well as investigating grievances and complaint by detainees. Id. at 2-3. Plaintiff claims Chief Paul Ramos is responsible to ensure his staff are acting within department policy, and that in this instance he neglected to pursue investigation of an assault by his staff on a pretrial detainee. Id. at 3. Lastly, Plaintiff claims Does 1-10 are staff at the Jail whom he cannot name because he was in a room and unable to see every individual who had direct or indirect involvement. Id.

**1.   Excessive Force**

The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39

(1979)); cf. Pierce v. Multnomah County, Oregon, 76 F.3d 1032, 1043 (9th Cir. 1996) (4th Amendment reasonableness standard applies to allegations of use of excessive force against pre-arraignment detainee). To prove an excessive force claim under § 1983, a pretrial detainee must show only that the "force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015).

Plaintiff's allegations, liberally construed, are sufficient to state a Fourteenth Amendment claim for excessive force against Defendants Ainsworth and Seavers.

### 2. Failure to Protect

A pretrial detainee is not protected by the Eighth Amendment's Cruel and Unusual Punishment Clause because he has not been convicted of a crime. See Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979). A pretrial detainee instead is protected from punishment without due process under the Due Process Clause of the Fourteenth Amendment. See United States v. Salerno, 481 U.S. 739, 746-47 (1987); Bell, 441 U.S. at 535-36. But under both clauses, an inmate bringing a failure-to-protect claim must show that the prison official acted with deliberate indifference. Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1068 (9th Cir. 2016) (en banc).

But whereas a convicted prisoner must prove an individual defendant's subjective awareness of a risk of harm in order to prevail on a failure-to-protect claim under the Eighth Amendment, a pretrial detainee need not do the same in order to prevail on a failure-to-protect claim under the Fourteenth Amendment. Id. at 1068-70 (holding that objective standard of Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015), applicable to excessive force claims brought by pretrial detainees, also applies to failure-to-protect claims brought by pretrial detainees). Specifically, a pretrial detainee need not "prove an individual defendant's subjective intent to punish in the context of a . . . failure-to protect claim." Id. at 1070. A pretrial detainee who asserts a due process claim for failure to protect instead must prove "more than negligence but less than subjective intent -- something akin to reckless disregard." Id. at 1071.

The elements of a pretrial detainee's due process failure-to-protect claim against an

individual officer are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Id. (footnote omitted). With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case. Id. (citing Kingsley, 135 S. Ct. at 2473). See, e.g., id. at 1071-73 (substantial evidence supported jury's verdict for plaintiff on failure-to-protect claim where defendants understood that placing intoxicated plaintiff in a cell with an enraged and combative inmate, when the cell had no audio or video surveillance and only occasional monitoring, could lead to serious violence against plaintiff).

Plaintiff alleges that Defendants Ganchon, Ward, and Wells failed to stop the assault or intervene. See supra at 2. However, the allegations are insufficient to state a failure to protect claim because they do not satisfy all the elements under Castro, 833 F.3d at 1071, to establish that each of these Defendants acted with deliberate indifference. Plaintiff shall be afforded one opportunity to file an amended complaint to attempt to allege sufficient facts to support a failure to protect claim under the Fourteenth Amendment.

### 3. Supervisor Liability

Plaintiff wants to hold Sheriff Jim Hart, Lt. Dee Baldwin, and Chief Paul Ramos liable for the assault on November 2, 2020. See supra at 2. The claim against them appears to be founded solely on supervisor liability.

A supervisor may be liable under § 1983 upon a showing of (1) personal

involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted). The claim that a supervisory official "knew of unconstitutional conditions and 'culpable actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability.'" Keates v. Koile, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting Starr, 652 F.3d at 1208) (finding that conclusory allegations that supervisor promulgated unconstitutional policies and procedures which authorized unconstitutional conduct of subordinates do not suffice to state a claim of supervisory liability).

Here, there are no allegations that Defendants were personally involved in the excessive force or failure to protect by subordinates or facts to establish a causal connection between their own wrongful conduct and the constitutional violation. See Henry A., 678 F.3d at 1003-04. Nor are there any allegations that Defendants are liable for their culpable actions or inactions in the training, supervision, or control of their subordinates. See Starr, 652 F.3d at 1208. Furthermore, any failure to investigate the assault after the fact does establish that any of these supervisor defendants is liable for the assault itself. Lastly, there are no allegations of conduct showing a reckless or callous indifference to the rights of others. Id.

Plaintiff may attempt to state sufficient facts to support a claim for supervisor liability against Defendants Hart, Baldwin, and Ramos in an amended complaint. Plaintiff is also advised that absent allegations of personal involvement in the deprivation, claims against supervisor Defendants are contingent on Plaintiff's ability to state a cognizable

claim against their subordinates for the underlying constitutional deprivation.

**4.     Doe Defendants**

Plaintiff also names unidentified staff at the Jail as "Does 1-10," stating that he cannot name them because he was in a room and unable to see everyone who was involved. See supra at 2.

Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).

Plaintiff fails to provide any allegation against the "Doe" Defendants to establish a claim under § 1983. There are simply no facts to indicate that other unidentified individuals are liable for Plaintiff's injuries. Therefore, Plaintiff may name "John Doe" defendants in an amended complaint but must allege sufficient facts to state a claim under § 1983 against them. Such facts must be sufficient to indicate that the identity of an unidentified defendant is discoverable rather than purely speculative.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.     The complaint states a cognizable claim for excessive force against Defendants Ainsworth and Seavers. See supra at 3.

2.     The following claims are **DISMISSED with leave to amend**: (1) failure to protect claim against Defendants Ganchon, Ward, and Wells; (2) supervisor liability claim against Defendants Hart, Baldwin, and Ramos; and (3) claims against John Doe Defendants. See supra at 3-6.

6

3. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. C 22-cv-06023 EJD (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original complaint, which is thereafter treated as non-existent. Ramirez v. Cty. Of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in the amended complaint are no longer claims and defendants not named in the amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).

In the alternative, **Plaintiff may file notice that he wishes to pursue only the cognizable claims under paragraph 1 above** and dismiss all other claims from this action. He need not file an amended complaint. Then the Court will dismiss the deficient claims, and order the matter served on the relevant Defendants and all other Defendants terminated from this action.

4. **Failure to respond in accordance with this order in the time provided will result in this matter proceeding on the cognizable claim against Defendants Ainsworth and Seavers, and all other claims and Defendants will be dismissed with prejudice for failure to state a claim for relief.**

5. Plaintiff's "discovery motion" is denied as premature since this matter has yet to be served on Defendants. Dkt. No. 10.

6. The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

This order terminates Docket No. 10.

**IT IS SO ORDERED.**

Dated: March 27, 2023

EDWARD J. DAVILA
United States District Judge