UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CORTEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JIM HART, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-06023 EJD (PR)<br><br>**ORDER ON PLAINTIFF'S NOTICE; DISMISSING NON-COGNIZABLE CLAIMS; OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**<br><br>(Docket No. 13) |

Plaintiff, a pretrial detainee, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers at the Santa Cruz County Jail ("Jail"), where he is currently confined. Dkt. No. 1. On March 27, 2023, the Court dismissed the complaint with leave to amend, for Plaintiff to file an amended complaint to correct the deficiencies with respect to several claims. Dkt. No. 12 at 6. In the alternative, Plaintiff could file a notice that he wishes to pursue only the cognizable claim of excessive force against Defendants Aisnworth and Seavers, and have all other claims and Defendants dismissed. Id. Plaintiff filed notice that he chooses this alternative course of action. Dkt. No. 13. Accordingly, this matter shall proceed solely on the excessive force claim.

**DISCUSSION**

A.  **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.  Plaintiff's Claims**

As discussed in the Court's Order of Dismissal with Leave to Amend, the complaint states a cognizable claim of excessive force against Defendants Lt. Jacob Ainsworth and Rachel Seavers. Dkt. No. 12 at 2-3; see Dkt. No. 1 at 3. All other claims shall be dismissed and all other Defendants terminated from this action.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. This action shall proceed solely on the excessive force claim against Defendants Ainsworth and Seavers. All other claims are DISMISSED without prejudice. The Clerk shall terminate all other Defendants from this action.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, Dkt. No. 1, all attachments thereto, and a copy of this order upon **Defendants Lt. Jacob Ainsworth** and **Rachel Seavers** at the Santa Cruz Main Jail (259 Water Street, Santa Cruz, CA 95060). The Clerk shall also mail a copy of this order to Plaintiff.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor

qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

       b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

    4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

    6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:**   April 18, 2023

EDWARD J. DAVILA
United States District Judge